# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL DALE DUFFY,

    Plaintiff,

    v.

ALAMEDA COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,

    Defendants.

Case No. 16-cv-5601-PJH

**ORDER DISMISSING COMPLAINT**

On October 3, 2016, plaintiff Nathaniel Dale Duffy filed the complaint in the above-entitled action, against defendants Alameda County District Attorney's Office, Alameda County District Attorney Nancy E. O'Malley, and Assistant District Attorney Annie Esposito, alleging constitutional claims in connection with his arrest and the criminal charges asserted against him in June 2016 by the Alameda County District Attorney's Office.

In the complaint, plaintiff alleges violation of 42 U.S.C. § 1983, and claims of "abuse of process," "equal protection," "perjury," and "double jeopardy." He asserts that defendants' "office" charged him with carrying a concealed weapon in violation of California Penal Code § 25400(a)(1), which statute he claims is unconstitutional; that the Alameda County Sheriff's Department initially "arrested and charged" him with three misdemeanors, but that defendants later "turned them into multiple felonies," which he asserts constituted abuse of process and/or malicious prosecution; that defendants'

1 "office" violated his equal protection rights by charging him with multiple felonies while
2 "financially reward[ing] citizens for the transport, possession in a vehicle, and sale of any
3 type of firearm;" that "defendant(s)" engaged in perjury by providing "false information on
4 court documents" – specifically in the criminal complaint – which contradicts information
5 in the police report; and that "defendant(s)" violated the "multiple punishment protection
6 of the double jeopardy clause" by charging him with multiple felonies for the same
7 alleged crime.  Plaintiff seeks damages – "[p]unitive, declarative [sic], $200000 for
8 emotional damages, loss of wages, forced debt, and loss of future income."

Also on October 3, 2016, plaintiff also filed a request for leave to proceed in forma pauperis ("IFP").  On December 7, 2016, the court issued an order granting the IFP request, staying the case pending resolution of the ongoing criminal prosecution against plaintiff, and advising plaintiff that once the stay was lifted, the complaint would be subject to dismissal pursuant to 28 U.S.C. § 1915(e) for failure to state a claim.  The court directed plaintiff to file a statement no later than June 7, 2017, regarding the status of his criminal case.

On June 8, 2017, plaintiff filed a statement indicating that in December 2016, he had entered a plea of "No Contest" to the charge of misdemeanor violation of California Health & Safety Code § 11377 (possession of a controlled substance).  He asserts that all other charges on the docket for Alameda County Superior Court Case No. 154384 were dismissed.  He also states that he was placed on misdemeanor probation for three years.

As the court explained in the December 7, 2016, order, when a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against defendants who are immune from suit.  28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).  Here, the court finds that the complaint must be dismissed because it seeks monetary damages against defendants who are immune from suit.

2

1     First, the defendants are immune from suit under the Eleventh Amendment to the
2  United States Constitution.  Title 42 U.S.C. § 1983 creates a private right of action
3  against individuals who, acting under color of state law, violate federal constitutional or
4  statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section
5  1983 "is not itself a source of substantive rights, but merely provides a method for
6  vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94
7  (1989).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right
8  secured by the Constitution and laws of the United States, and (2) that the deprivation
9  was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc.,
10  698 F.3d 1128, 1138 (9th Cir. 2012).

    While cities, counties, and local officers sued in their official capacity are "persons" for purposes of section 1983, see McMillian v. Monroe County, 520 U.S. 781, 784-785 (1997), states and state officers sued in their official capacity are not considered "persons" under § 1983 and are immune from liability under the statute by virtue of the Eleventh Amendment and the doctrine of sovereign immunity, Howlett v. Rose, 496 U.S. 356, 365 (1990).  The Eleventh Amendment grants sovereign immunity from civil rights suits under § 1983 to each of the 50 states and also to state officers; this is because a suit against a state officer is no different from a suit against the state itself.  U.S. Const. Amend. 11; 42 U.S.C. § 1983.  In California, district attorneys represent the state "when they prepare to and prosecute crimes, train, and develop policies for prosecutorial staff in the area of criminal investigation and prosecution." See Pitts v. County of Kern, 17 Cal. 4th 340, 354, 362 (1998).

    In addition, to the extent that plaintiff seeks damages against the District Attorney and the Assistant District Attorney for prosecuting him on criminal charges, they are absolutely immune from suit under the doctrine of prosecutorial immunity. See Ashelman v. Pope, 793 F.2d 1072, 1077 (9th Cir. 1986) ("Where a prosecutor acts as an advocate 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies") (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976)).

District Attorneys are entitled to absolute prosecutorial immunity for conduct that is "intimately associated with the judicial phase of the criminal process." Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the state, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 274 (1993). When prosecutorial immunity applies, a plaintiff's claims are barred, even if it leaves the plaintiff "without civil redress against a prosecutor whose malicious or dishonest actions deprives him of liberty." Imbler, 424 U.S. at 431.

Apart from the fact that defendants are immune from suit, the court finds that the complaint fails to state a claim as to any of the constitutional violations asserted. The complaint fails to state a claim for violation of the Equal Protection Clause because plaintiff has not alleged facts showing that defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. See Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); see also Rosenbaum v. City & Cnty of S.F., 484 F.3d 1142, 1152 (9th Cir. 2007). The complaint fails to state a claim for violation of the Double Jeopardy Clause because it does not allege facts showing that plaintiff suffered multiple criminal punishments for the same offense. See Hudson v. U.S., 522 U.S. 93, 98-99 (1997). Finally, the complaint alleges no facts sufficient to state a claim of malicious prosecution. See Lacey v. Maricopa Cnty, 693 F.3d 896, 919 (9th Cir. 2012).

As for the claim of "perjury," while perjury is a federal crime, see 18 U.S.C. § 1621, there is no private right of action which would enable plaintiff to assert this claim in a civil lawsuit. "[P]rivate rights of action to enforce federal law must be created by Congress," and without a congressional intent to create a private remedy, "a cause of action does not exist and courts may not create one." Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001); see also Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (criminal statutes "provide no basis for civil liability").

While the court previously indicated in the December 7, 2016, order that any dismissal would be with leave to amend, the court has now more carefully considered the allegations in the complaint and the applicable doctrines of immunity, and finds that because defendants are absolutely immune from suit, granting leave to amend would be futile. Accordingly, the complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: June 13, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge